# Exhibit B

Case 4:20-cv-03562   Document 1-2   Filed on 10/18/20 in TXSD   Page 2 of 11

9/22/2020 12:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46454673
By: Bernitta Barrett
Filed: 9/22/2020 12:25 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ANITA VAN METER, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BRIAN VAN METER, DECEDENT, AND FOR THE USE AND BENEFIT OF THE WRONGFUL DEATH BENEFICIARIES OF BRIAN VAN METER, PAITEN HULL, BREANA BRANDES, AND MYA VAN METER, | § § § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| CHEVRON CORPORATION, CHEVRON U.S.A. INC., AND CHEVRON NIGERIA, LTD., | § § § § § | |
| *Defendants*. | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Anita Van Meter, Individually, and as Personal Representative of the Estate of Brian Van Meter, Decedent, and for the use and benefit of the complain of the Wrongful Death Beneficiaries of Brian Van Meter, Paiten Hull, Breana Brandes, and Mya van Meter complain of Defendants Chevron Corporation, Chevron U.S.A. Inc., and Chevron Nigeria, Ltd., and would respectfully show unto the Court:

## I.
## DISCOVERY LEVEL

1.  Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

## II.
## JURISDICTION AND VENUE

2. The claims asserted arise under the statutory and common law of the State of Texas.

3. Plaintiffs seek damages within the jurisdictional limits of this Court.

4. Venue is proper because Defendants' principal office within the State is located in Harris County, Texas.

## III.
## STATEMENT REGARDING MONETARY RELIEF BEING SOUGHT

5. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief in excess of $200,000.00 but less than $1 million. Discovery in this matter has just commenced and, therefore, Plaintiffs cannot reliably state a maximum amount of damages they are seeking at this time and reserves their right to supplement in accordance with the Texas Rules of Civil Procedure.

## IV.
## PARTIES

6. Plaintiff Anita Van Meter is the surviving spouse of Brian Van Meter, Decedent, and personal representative of Decedent's estate. Decedent was a resident of Harris County, Texas. Plaintiff brings Wrongful Death and Survival claims pursuant to TEX. CIV. PRAC. & REM. CODE §§ 71.002 & 71.021. Plaintiff further brings suit for the benefit of all heirs and statutory wrongful death beneficiaries of Brian Van Meter allowed under TEX. CIV. PRAC. & REM. CODE § 71.004.

7. Plaintiff Paiten Hull is the surviving heir of Brian Van Meter, Decedent. Plaintiff Paiten Hull Lara brings Wrongful Death and Survival Claims pursuant to TEX. CIV. PRAC. & REM. CODE §§ 71.002 & 71.021.

8. Plaintiff Breana Brandes is the surviving heir of Brian Van Meter, Decedent. Plaintiff Breana Brandes brings Wrongful Death and Survival Claims pursuant to TEX. CIV. PRAC. & REM. CODE §§ 71.002 & 71.021.

2

Certified Document Number: 92274514 - Page 2 of 9

9. Plaintiff Mya Van Meter is the surviving heir of Brian Van Meter, Decedent. Plaintiff Mya Van Meter brings Wrongful Death and Survival Claims pursuant to TEX. CIV. PRAC. & REM. CODE §§ 71.002 & 71.021.

10. Defendant Chevron Corporation is a Delaware corporation doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of doing business within the State. Defendant Chevron Corporation may be served by and through its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, at 2710 Gateway Oaks Dr., Ste 150N, Sacramento, California 95833.

11. Defendant Chevron U.S.A. Inc. is a Pennsylvania corporation doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of doing business within the State. Defendant Chevron U.S.A. Inc. may be served by and through its registered agent for service of process, Prentice-Hall Corp System, Inc., at 211 E. 7th St., Ste. 620, Austin, Texas 78701.

12. Defendant Chevron Nigeria Ltd. is a Delaware limited partnership doing substantial and continuous business within the State of Texas and has purposefully availed itself of the privileges of doing business within the State. Defendant Chevron Nigeria Ltd does not maintain a place of regular business in this State or a designated agent upon whom service may be made. Defendant Chevron Nigeria Ltd. may be served by and through substituted service on the Texas Secretary of State, pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044.

13. To the extent that an above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against it pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answering this suit, they answer in their correct legal name and assumed name.

Certified Document Number: 92274514 - Page 3 of 9

## V.
## FACTS

14. On or about December 25, 2018, Decedent was employed by Defendants and working at Defendants' facility in Nigeria. There were no mosquito sprayers at the facility despite Defendants' knowledge of the risks. Decedent was bitten by a mosquito while at Defendants' facility and contracted malaria. He died as a result of the disease on January 1, 2019.

## VI.
## CAUSES OF ACTION

### A.  *Negligence and Gross Negligence*

15. Plaintiffs repeat and reallege each and every allegation contained above.

16. Decedent and Plaintiffs sustained injuries because of the negligence and gross negligence of Defendants when Defendants:

- Failed to maintain a safe work environment for workers, including Decedent;

- Failed to ensure that their employees or agents operated in a reasonably safe manner;

- Failed to provide adequate protection from known risks and hazards;

- Failed to ensure that proper protective and safety equipment was being used at all times on the job site;

- Failed to adequately train personnel in safe worksite practices;

- Failed to utilize proper mosquito prevention/mitigation equipment;

- Failed to implement and/or enforce adequate safety protocols and procedures;

- Failed to properly supervise those whose work they had a right to control; and

- Other acts or omissions so deemed negligent or grossly negligent by the Court.

17. Such failures were a direct and proximate cause of Decedent's injuries and death as well as Plaintiffs' injuries.

18. Defendants are liable for the torts committed by its employees during the course and scope of their employment. Specifically, Defendants' employees, servants, or agents, acting within the course and scope of their employment, and in furtherance of Defendants' business, had a general duty to exercise reasonable care in performing their work. Should negligent acts and/or omissions on the part of Defendants' employee(s), servant(s), or agent(s) be determined to be a proximate cause of Plaintiff's injuries and Decedent's death, Defendants are liable for those negligent acts and/or omissions under the doctrine of *respondeat* superior.

19. Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants' conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of their conduct. Defendants proceeded with conscious indifference to the rights, safety, and welfare of others, including Decedent. Defendants are therefore liable for exemplary damages

B. *Survival and Wrongful Death*

20. Plaintiff Anita Van Meter brings a survival action against Defendants pursuant to the Texas Survival Statute. Plaintiff Anita Van Meter is the legal representatives of Decedent's— Brian Van Meter's—estate. Decedent has causes of action, including those detailed above, for personal injury which he would have been entitled to bring had he lived. Defendants' wrongful actions and omissions caused Decedents' injuries and death.

Certified Document Number: 92274514 - Page 5 of 9

21. Plaintiffs bring a wrongful death action against Defendants pursuant to the Texas Wrongful Death Act. Plaintiffs are statutory beneficiaries of Decedent. Defendants' wrongful acts and omissions, including those detailed above, caused the death of Decedent—Plaintiffs have suffered actual injuries and the Decedent would have been entitled to bring an action for his injuries had he lived.

## VII.
## DAMAGES

22. Plaintiffs Anita Van Meter, Individually, and as Personal Representative of the Estate of Brian Van Meter, Decedent, and for the Use and Benefit of the Wrongful Death Beneficiaries of Brian Van Meter, Paiten Hull, Breana Brandes, and Mya Van Meter seek all damages recoverable by law. Plaintiffs seek to recover those benefits that the surviving wrongful death beneficiaries of Brian Van Meter might have reasonably expected to receive from the Decedent, had he lived; including damages for loss of support, both monetary and otherwise, services, nurture, training, education, and guidance, as well as all other damages recoverable under applicable Texas law, including, but not limited to, past pain and suffering, past mental anguish, past physical impairment, past loss of enjoyment of life, past medical and burial expenses, and past lost wages. Plaintiffs also seek to recover for the loss of society of Decedent and seeks to recover for the broad range of mutual benefits each family member would have received from Decedent's continued existence, including love, affection, care, attention, companionship, comfort, and protection. Plaintiff, on behalf of himself and all other wrongful death beneficiaries, seek to recover wrongful death damages, including but not limited to, pecuniary loss and loss of support, loss of advice and counsel, loss of services, past and future psychological treatment expenses, past and future mental anguish, loss of companionship and society, loss of inheritance, and past and future loss of consortium. Plaintiffs seek the recovery of exemplary damages under

Certified Document Number: 92274514 - Page 6 of 9

TEX. CIV. PRAC. & REM. CODE § 71.009 for Defendants willful acts or omissions and/or gross negligence causing the death of Decedent. Plaintiffs seek to recover the damages that Decedent could have instituted suit to recover, but for his untimely death.

## VIII.
## RULE 193.7 NOTICE

23. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give actual notice to Defendants that any an

24. d all documents produced may be used against the Defendants at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## IX.
## CONDITIONS PRECEDENT

25. All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## X.
## REQUESTS FOR DISCLOSURE TO DEFENDANT

25. Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within the time required under Texas law, the information or material described in Rule 194.2 (a) through (l).

## XI.
## JURY DEMAND

26. Plaintiffs hereby respectfully demand a jury trial.

## XII.
## PRAYER

For these reasons Plaintiffs ask that Defendants be cited to appear and answer and that Plaintiffs have judgment against Defendants, jointly and severally, for the following:

7

Certified Document Number: 92274514 - Page 7 of 9

- Actual damages;

- Exemplary damages as allowed by law;

- Past and future loss of enjoyment of life;

- Past and future pain and suffering and mental anguish;

- Past and future lost earnings;

- Wrongful death damages;

- Pecuniary loss;

- Loss of support;

- Loss of advice and counsel;

- Loss of services;

- Loss of companionship and society;

- Loss of inheritance;

- Past and future loss of consortium;

- Past and future psychological treatment;

- Past and future mental anguish;

- Interest on damages (pre- and post-judgment) in accordance with law

- Costs of Court;

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ Kyle W. Chapel*

_____
MICHAEL E. PIERCE
State Bar No. 24039117
KYLE W. CHAPEL
State Bar No. 24116188
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: kyle@pstriallaw.com
E-mail for service: service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 92274514 - Page 9 of 9



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 18, 2020

Certified Document Number:        92274514 Total Pages:  9

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**